Scott, Chief Judge.
The pleadings in this case made no issue, for the trial of which either of the parties 4had a *68 right to demand a jury. The relief primarily sought by the plaintiff" in his petition was the reformation of a written contract between the parties, by the terms of which, through the mistake of the parties in making calculations, he became bound to pay the defendants $1,750 for certain property purchased of them, whilst the price of the property, at the rates agreed upon, was, in fact, a much smaller sum.
Having paid the whole sum called for by the written contract, in ignorance of the mistake, he was without remedy, except by an action having for its direct object the correction of the mistake and the reformation of the written agreement.
Eor the contract being in writing, this writing would, in law, be the highest and best evidence of the real agreement of the parties, and could not be contradicted or varied by parol.
An action seeking such relief, is not an action for the recovery of money, and any issues of fact made by the pleadings, touching the plaintiff’s right to such relief, are not, as a matter of right, triable by a jury. Code, sec. 268. The only issue of fact made by the pleadings in this case was in regard to the alleged mistake in the written agreement. This the defendant wholly denied. The making of the written contract, its terms, the payment of the $1,750 by the plaintiff in compliance therewith, and the time of the payment, were all admitted by the answer to be as alleged in the petition.
The sole defense was that the contract, as written, was the actual contract of the parties, fully and truly expressed, and that there was, therefore, no ground for its reformation.
And whilst it is true that the plaintiff in his petition had asked that, after granting the relief primarily sought, by reforming the contract, the court should proceed to render a judgment in his favor for the amount which he had paid in excess of the actual agreement, yet it is very clear that when the court found the issue as to the alleged mistake *69 against Mm, and refused to grant the equitable relief wMch lie asked for, tlie whole case was ended; there was no issue left to be tried by a jury. And even if the court had found upon the issue joined for the plaintiff, and had reformed the contract, then the terms of the reformed contract, together with the admissions of the answer, would have exhibited all the facts necessary to determine the proper judgment. There was no issue which could, in any event, give the parties a right to demand the interposition of a jury.
The case then was clearly not one for second trial, and, by the provisions of the statute, was appealable to the district court. S. & S. 589.
In so holding, we but reaffirm the ruling in the case of Rowland v. Entrekin et al., decided at the present term of this commission. 27 Ohio St. 47.
The judgment of the district court, dismissing the appeal will be reversed, and the cause be remanded to that court for trial.
Day, J., did not sit in this case.